JUSTICE WEBER
specially concurring:
I concur in the result reached in majority opinion which concludes that the arbitrator’s award was appropriate because of the contract provision which required that the Board shall take all necessary actions to comply with the letter and the spirit of state and federal laws prohibiting discrimination. My concern is our inability to address the resulting contradiction.
The analysis by the arbitrator demonstrates my position. With his background experience in labor law, the arbitrator concluded that he could not require payments to the teachers under the terms of the contract. He stated:
“The class seeking additional relief received all that it was entitled under the contract. To grant members of the class additional relief would be inconsistent with the contract, their legitimate expectation under the contract and constitute a windfall. The fact that some employees received benefits in excess of what they were entitled under the contract does not justify a remedy that would require that all employees receive benefits in excess of what they were entitled under the contract.”
Under the specific limitations of the contract, the arbitrator concluded that he could not order benefits for the employees in excess of that to which they were entitled under the contract. Then he effectively disregarded the contract limitations by applying the federal *486 Civil Rights Act. I am not able to explain our ability to enforce a general provision while disregarding express contractual limitations.
The result of our opinion is that it gives clear notice to employers to avoid any reference to discrimination laws in employee contracts. That is not a worthwhile objective.
My second concern is that our interpretation with regard to the Civil Rights Act may result in the elimination of the finality of arbitration as to the employee but not the employer. The contract here provides “[t]he decision of the arbitrator will be submitted to the Board and the Association and will be final and binding upon the parties.” The aim is that the arbitrator’s decision should be final and binding upon both parties. Unfortunately, that result might not occur if the arbitrator’s decision had been favorable in this case to the employer Board.
Employees asserting violations of the Civil Rights Act are able to bring suit through an administrative agency or district court without regard to their rights under the collective bargaining agreement. This could result in the employee’s ability to proceed in the court system even though the employee had lost to arbitration. See Meltzer, B. “Labor Arbitration and Overlapping and Conflicting Remedies for Employment Discrimination,” 39 U. Chicago L. Rev. 30 (1971); Alexander v. Gardner-Denver Co. (1974), 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147.
The result is that the contract has been further emasculated by rendering the arbitration provision ineffective. This reaffirms the previous conclusion that employers somehow must eliminate any reference to discrimination laws in labor agreements. I am disturbed by the effect of our opinion.
JUSTICE BARZ concurs in the foregoing special concurrence.